CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

DANIEL PASTOR (CABN 297948)
Assistant United States Attorney

> 450 Golden Gate Ave., Box 36055
> San Francisco, California 94102
> Telephone: 415.436.7200
> Fax: 415.436.7234
> Email: daniel.pastor@usdoj.gov

Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 3:23-CR-345-TLT-4 |
| Plaintiff, | **PARTIES' JOINT RESPONSE TO QUESTIONS REGARDING SENTENCING OPTIONS** |
| v. | |
| RORY SPENCER RICKEY, | Date:  March 6, 2026<br>Time:  9:00 A.M.<br>Judge:  Hon. Trina L. Thompson |
| Defendant. | |

The United States and defendant Rory Rickey jointly submit this response to questions posed by the Court at the hearing on February 13, 2026, regarding options for the defendant's sentencing.  At the hearing, the Court indicated that it was considering imposing a suspended sentence of incarceration that would be triggered if the defendant violated the terms of his supervised release. Government counsel indicated that he had not seen a suspended sentence imposed in a federal criminal case and requested to brief the issue.  Defense counsel indicated that the defense was open to a suspended sentence as an alternative to incarceration but requested to meet and confer with the government on the procedural options available to the Court.

JOINT RESPONSE RE: SENTENCING OPTIONS
3:23-cr-345-TLT-4

1

The parties have researched this issue and respectfully submit that a suspended sentence is not an available procedural option; however, the parties agree that the Court may reach the same result by imposing a time-served sentence along with the mandatory term of supervised release required by statute (3 years) accompanied by an admonishment to the defendant that any serious violation of his supervised release conditions will likely result in a sentence of 12 months and one day should the violation be proved at a revocation hearing.  Undersigned counsel have seen judges in this district warn federal defendants that although they were not initially being sentenced to a term of imprisonment for their offense(s), any significant violation of the defendant's conditions of supervised release would likely result in a term of imprisonment upon revocation of supervised release.  Based on such warnings, the defendants were made aware that although the Court was not imposing a sentence of incarceration, serious violations of supervised release conditions were likely to result in custody time.

"Prior to the implementation of the federal sentencing guidelines, a [federal] court could stay the imposition or execution of sentence and place a defendant on probation."  U.S.S.G. Ch. 7, Sec. 2(a).  However, the "statutory authority to 'suspend' the imposition or execution of sentence in order to impose a term of probation was abolished upon implementation of the sentencing guidelines" through the Sentencing Reform Act of 1984.  *Id.*; *see also United States v. Harris*, 237 F.3d 585, 589 n.2 (6th Cir. 2001) ("With passage of the Sentencing Reform Act, Congress abolished the power of district courts to suspend sentences, opting instead to allow sentencing courts, with exceptions, to 'sentence' a defendant to probation rather than suspend a sentence and 'place' him or her on probation."); *United States v. Pollard*, 389 F.3d 101, 102 (4th Cir. 2004) ("Sentencing Reform Act of 1984 abolished suspended sentences within the federal court system and established probation as an independent sentence") (cleaned up).  "With the Sentencing Reform Act, Congress sought to achieve both increased sentencing uniformity and greater honesty by making all sentences basically determinate."  *Barber v. Thomas*, 560 U.S. 474, 482 (2010).

The statute of conviction here requires that the defendant be sentenced to at least three years of supervised release.  If the defendant violates the conditions of supervised release, he would be brought back before the Court for a revocation hearing.  At that time, the Court would determine whether a

JOINT RESPONSE RE: SENTENCING OPTIONS                                                 2
3:23-cr-345-TLT-4

violation occurred as well as whether his supervised release should be revoked and a sentence of imprisonment of up to two years imposed for the supervised release violation.

The parties respectfully submit that a supervised release revocation hearing (should the defendant violate conditions of supervised release) would serve as the functional equivalent of the course of action that Court was considering at the hearing in February 2026 and would be consistent with the Sentencing Reform Act's principle of determinate sentencing.  As such, the Court could sentence the defendant to credit for time served and three years of supervised release and admonish the defendant that any serious violations of his conditions of supervised release may result in the imposition of a custodial sentence.

DATED:  March 3, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/
DANIEL PASTOR
Assistant United States Attorney

/s/
MATTHEW DIRKES
Counsel for Defendant Rory Rickey

JOINT RESPONSE RE: SENTENCING OPTIONS
3:23-cr-345-TLT-4

3